# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-328-MR-DLH

| | |
|---|---|
| JUANITA L. JONES, a/k/a JUANITA L. OWENS,<br><br>Plaintiff,<br><br>vs.<br><br>J. CALVIN HILL, et al.,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Notice of Motion and Motion by Plaintiff for Summary Judgment" [Doc. 48] and Plaintiff's "Motion to vacate March 17 orders denying motions numbered 18, 22, 27, 47, 32, and to disqualify or rescue [sic] Dennis Howell" [Doc. 70].

## I. PROCEDURAL BACKGROUND

The Plaintiff initiated this action on December 18, 2013, against various state and municipal officials, alleging violations of her civil rights in the course of certain state judicial proceedings. [Doc. 1]. In the three months that this matter has been pending, the Plaintiff has filed over twenty notices, motions, and other pleadings, many of which lacked any legal or

factual basis and at the minimum failed to comply with the Court's Local Rules and the Federal Rules of Civil Procedure. The Honorable Dennis L. Howell, the United States Magistrate Judge assigned to this action in a referral capacity, has entered a series of orders addressing many of the Plaintiff's filings and denying her various requests for relief. [See Doc. 16 (denying motion to enforce subpoenas); Doc. 59 (denying motion to transfer state court action); Doc. 60 (denying motion for obstruction of justice); Doc. 68 (denying motion for recusal); Doc. 69 (denying motion for default judgment).

Most of the named Defendants have now appeared in this action and have filed motions to dismiss the Plaintiffs' action in its entirety. [See Docs. 34, 41, 52, 53, 66]. The Plaintiff has filed responses in opposition to all of these motions but one, for which the time for responding has not yet expired. [See Docs. 50, 49, 63, 64]. Although the motions to dismiss are still pending, the Plaintiff has filed a motion seeking summary judgment on all of her claims. [Doc. 48].

On March 18, 2014, the Plaintiff filed a motion seeking to vacate all of Judge Howell's prior Orders and requesting his recusal from this action

based upon the allegation that he is biased or prejudiced against the Plaintiff. [Doc. 70].

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

While the Plaintiff seeks summary judgment on all of her claims, there are multiple motions to dismiss pending which, if granted, will dispose of the Plaintiff's action in its entirety. Accordingly, the Plaintiff's motion for summary judgment is premature. The Court will deny this summary judgment motion without prejudice to renewal, if appropriate, upon resolution of the motions to dismiss.

## II. MOTION FOR RECUSAL

With respect to the Plaintiff's motion to recuse, 28 U.S.C. § 455 governs disqualification of federal judges. In pertinent part, the statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of

> disputed evidentiary facts concerning the proceeding....

Id.[1]

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. See United States v. Cherry, 330 F.3d 658, 665 (4th

---

[1] The Plaintiff also seeks recusal under 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Some courts have held that a *pro se* litigant cannot seek recusal under § 144 because it requires a certificate of "good faith" signed by a member of the bar. See, e.g., Mathis v. Goldberg, No. DKC 12–1777, 2013 WL 1232898, at *1 (D. Md. Mar. 25, 2013); aff'd, 538 F. App'x 310 (4th Cir. 2013); United States v. Rankin, 1 F.Supp.2d 445, 450 (E.D. Pa.1998), aff'd, 185 F.3d 863 (3d Cir. June 21, 1999); Robinson v. Gregory, 929 F.Supp. 334, 338 (S.D. Ind. 1996). Even if the Plaintiff could seek relief under this statute as a *pro se* litigant, however, the Plaintiff has not filed the "timely and sufficient affidavit" required by the statute. Accordingly, the Court need not address her request for relief under § 144.

Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." Rosenberg v. Currie, No. 0:10–1555–DCN–PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir.1990)); see Cherry, 330 F.3d at 665 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'")).

Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, the movant must demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from the judge's participation in the case. Lindsey v. City of Beaufort, 911 F.Supp. 962, 967 n.4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" Farmer v. United States, Nos. 5:10-CR-271-FL-3, 5:12-CV-725-FL, 2013 WL 3873182, at *2-3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)).

Here, the Plaintiff has not met her burden of showing that recusal of Magistrate Judge Howell is appropriate. The Plaintiff has presented nothing more than conclusory allegations of Judge Howell's bias or prejudice against her. Moreover, these conclusory allegations are entirely based on Judge Howell's rulings to date in this case. Accordingly, the Plaintiff's motion for recusal must be denied.

The Plaintiff's practice of bombarding the Court with a multitude of filings while other motions remain pending only serves to bottle up these proceedings and keep the Court from addressing the merits of the case. For these reasons, the Plaintiff shall refrain from filing any additional motions until the Court can dispose of the issues that are already pending.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's summary judgment motion [Doc. 48] is **DENIED WITHOUT PREJUDICE** as premature until such time as the Defendants' motions to dismiss are resolved.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to vacate Judge Howell's Orders and to disqualify him from this matter [Doc. 70] is **DENIED**.

**IT IS FURTHER ORDERED** that with the exception of filing responses to motions to dismiss, the Plaintiff shall make no further filings in this case pending a ruling on the Defendants' motions to dismiss.

**IT IS SO ORDERED.**  Signed: March 21, 2014

Martin Reidinger
United States District Judge