IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-328-MR-DLH

JUANITA L. JONES, a/k/a JUANITA )
L. OWENS, )
 )
              Plaintiff, )
 )
vs. )              <u>O R D E R</u>
 )
 )
J. CALVIN HILL, et al., )
 )
              Defendants. )
_____ )

**THIS MATTER** is before the Court on the following filings by the Plaintiff:

(1) "Motion for Default Judgment for Ron Moore" [Doc. 106];

(2) "Motion for Default Judgment for Universal Insurance" [Doc. 107];

(3) "Second Motion for Obstruction of Justice" [Doc. 108];

(4) "Evidence against Universal Insurance Co., Paul Swank-Agent, Geico Insurance Agency a/k/a Arrowhead General Insurance Agency, District of Buncombe County";

(5) "Second Motion for Default Judgment against Ron Moore" [Doc. 114];

(6) "Third Motion for Obstruction of Justice" [Doc. 115];

(7) "Motion Denying Conscent [sic] for All Magistrate Judges" [Doc. 116];

(8) "Motion to Recuse Martin Reidinger with Evidence to Support" [Doc. 118];

(9) "Motion to Vacate Hearing" [Doc. 119]; and

(10) "Evidence against Ron Moore Roy Cooper and Officials Fraud and Corruption" [Doc. 120].

On March 21, 2014, the Court entered an Order denying several of the *pro se* Plaintiff's motions and ordering her to refrain from filing any further pleadings, with the exception of filing responses to motions to dismiss, pending a ruling on the Defendants' motions to dismiss. [Doc. 78]. On March 28, 2014, the Plaintiff filed a notice of appeal of the Court's interlocutory order. [Doc. 80]. That appeal is currently pending before the Fourth Circuit Court of Appeals.

Since the filing of that appeal, the Plaintiff has filed numerous motions and other pleadings for the Court's consideration. Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Only final orders and certain enumerated interlocutory and collateral orders, however, may be appealed without leave of Court. See 28 U.S.C. §§ 1291, 1292; Fed. R. App. P. 4, 5. If a plaintiff prematurely appeals an unappealable interlocutory order, the district court retains jurisdiction over the case. See Melvin v. Social. Sec. Admin., No. 5:09-CV-235-FL, 2010 WL 3743543, at *3 (E.D.N.C. Sept. 14, 2010) (citing Wis. Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.")). It appears to this Court that the Plaintiff's notice of appeal was filed prematurely, and thus, the Court retains jurisdiction over this matter.

Despite the Court's explicit instructions to refrain from further filings pending the resolution of the motions to dismiss, the Plaintiff continues to file frivolous pleadings that lack any legal or factual basis. For example, the Plaintiff seeks the entry of default judgment against Defendant Ron Moore [Docs. 106, 114], without first seeking the entry of default against him pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Plaintiff has also filed a motion for default judgment against Defendant

Universal Insurance, despite the fact that this Defendant has made an appearance and filed a motion to dismiss. [Doc. 107]. The Plaintiff has filed "motions for obstruction of justice," wherein she asserts that various attorneys and named Defendants have broken into her home while she is sleeping, allegedly in order to alter times and dates on certain documents. [Docs. 108, 115]. These motions are entirely frivolous and shall be denied.

The Plaintiff objects to the assignment of this case to another Magistrate Judge without asserting any legal basis for this objection. [Doc. 116]. She also seeks the recusal of the judges assigned to her case on the grounds that these judges were previously assigned cases in which Defendants Ron Moore and Roy Cooper were named as parties. [Doc. 118]. The Plaintiff offers no cognizable basis for recusal, and therefore, these motions are entirely without merit and will be denied.

The Plaintiff also has moved to "vacate" a future hearing in state court on the grounds that certain state officials are engaging in acts of fraud and corruption. [Doc. 119]. The Court has no jurisdiction to cancel hearings in a state court, and thus, this motion will be denied. Additionally, the Plaintiff has filed pleadings entitled "Evidence" against various Defendants, despite the fact that the Rules of Civil Procedure do not allow for any such type of

4

pleadings. [Docs. 111, 120]. Accordingly, these pleadings are frivolous and will be stricken.

The Plaintiff has now responded to all of the pending motions to dismiss, and these motions are ripe for adjudication. The Plaintiff shall refrain from filing any additional motions or frivolous pleadings until the Court can dispose of the issues that are already pending. The Plaintiff is advised that any additional motions or frivolous pleadings that are filed shall be summarily denied and/or stricken.

**IT IS, THEREFORE, ORDERED** that:

(1) "Motion for Default Judgment for Ron Moore" [Doc. 106] is **DENIED**;

(2) "Motion for Default Judgment for Universal Insurance" [Doc. 107] is **DENIED**;

(3) "Second Motion for Obstruction of Justice" [Doc. 108] is **DENIED**;

(4) "Evidence against Universal Insurance Co., Paul Swank-Agent, Geico Insurance Agency a/k/a Arrowhead General Insurance Agency, District of Buncombe County" is **STRICKEN**;

(5) "Second Motion for Default Judgment against Ron Moore" [Doc. 114] is **DENIED**;

(6) "Third Motion for Obstruction of Justice" [Doc. 115] is **DENIED**;

(7) "Motion Denying Conscent [sic] for All Magistrate Judges" [Doc. 116] is **DENIED**;

(8) "Motion to Recuse Martin Reidinger with Evidence to Support" [Doc. 118] is **DENIED**;

(9) "Motion to Vacate Hearing" [Doc. 119] is **DENIED**; and

(10) "Evidence against Ron Moore Roy Cooper and Officials Fraud and Corruption" [Doc. 120] is **STRICKEN**.

**IT IS FURTHER ORDERED** that with the exception of filing responses to any future motions to dismiss, the Plaintiff shall make no further filings in this case pending a ruling on the Defendants' motions to dismiss. The Plaintiff is advised that any additional motions or frivolous pleadings that are filed shall be summarily denied and/or stricken.

**IT IS SO ORDERED.**

Signed: September 8, 2014

Martin Reidinger
United States District Judge