# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:13-CV-328-MR-DSC

| | |
|---|---|
| JUANITA L. JONES aka <br> JUANITA L. OWENS, <br>     Plaintiff, <br> v. <br> J. CALVIN HILL, et. al., <br>     Defendants, | <u>**MEMORANDUM AND RECOMMENDATION AND ORDER**</u> |

**THIS MATTER** is before the Court on the Defendants' respective "Motion[s] to Dismiss …" (documents ##34, 41, 52, 53, 66, 72, 82, 95 and 128) and the parties' associated briefs and exhibits.

On June 17, 2014, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

This action arises from a boundary line dispute brought in Buncombe County District Court, <u>Charles E. Barnard and Annie M. Barnard v. Juanita L. Jones aka Juanita L. Owens</u>, Buncombe County File No. 12 CVD 2941. The Court takes judicial notice of a Judgment entered by District Judge Samuel A. Cathey on April 7, 2014. <u>See</u> document #89. After conducting a trial on all issues, Judge Cathey found that Plaintiff (Defendant in the state action) erected a fence encroaching upon the real property of her neighbors, Defendants Charles and Annie Barnard (Plaintiffs in the state court action). Judge Cathey dismissed Plaintiff's counterclaim for adverse possession and permanently enjoined her from coming onto the

Barnards' property or "directly or indirectly harassing, contacting, bothering, cussing, name calling or interfering with [them]." Id. The Judgment also awarded the Barnards $482 in damages plus costs.

On December 18, 2013, Plaintiff filed this action against the Barnards and District Court Judges Hill, Young and Kepple who had issued various orders against her. Plaintiff also names the City of Asheville, Buncombe County, the State of North Carolina, the Buncombe County Register of Deeds, the Barnards' surveyor, the Board of Surveyors, four insurance companies/agents and the Buncombe County District Court. As amended, the Complaint alleges that all of the Defendants violated two federal criminal statutes, 18 U.S.C. §§ 214 and 242, by conspiring to violate Plaintiff's civil rights.

Defendants have moved to dismiss for lack of subject matter jurisdiction on two independent bases. They assert that there is no private right of action under the federal criminal statutes and that the Rooker-Feldman doctrine bars Plaintiff's claims.

Defendants' Motions have been fully briefed and are ripe for disposition.[1]

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1131, 1193 (2010) (internal citations omitted). "No party

---

[1] Defendant City of Asheville's Motion to Dismiss (document #128) was filed recently and has not been briefed. Since the issues pertaining to subject matter jurisdiction have been briefed extensively in the other eight pending Motions to Dismiss and the City's Motion raises no new issues, the Court will address that Motion in this Memorandum and Recommendation as well.

2

can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)). "The burden of persuasion for establishing ... [subject matter] jurisdiction, of course, remains on the party asserting it." Hertz Corp., 130 S. Ct. at 1194 (internal citations omitted).

Plaintiff has not alleged diversity of citizenship between the parties nor does that basis for jurisdiction exist. Therefore, federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit has stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added). The Amended Complaint is based upon Plaintiff's contentions that the state court action and the orders and judgment entered there violated her constitutional rights. The Rooker-Feldman doctrine bars Plaintiff from attacking those state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based upon the losing

3

party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-1006, (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). For this reason, the undersigned respectfully recommends that the Complaint be dismissed for lack of subject matter jurisdiction.

Federal courts have held that 18 U.S.C. §§ 214 and 242 do not provide a private right of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). See also Christian Populist Party of Arkansas v. Sec'y of State of State of Ark., 650 F. Supp. 1205, 1214 (E.D. Ark. 1986). Since the Amended Complaint is premised entirely on these federal criminal statutes, there is also no basis for federal subject matter jurisdiction here.

Accordingly, for both of these reasons, the Motions to Dismiss should be granted.

**ORDER**

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' respective "Motion[s] to Dismiss …" (documents ##34, 41, 52, 53, 66, 72, 82, 95 and 128) be **GRANTED** and that the Amended Complaint be **DISMISSED** as to all Defendants.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED.**

Signed: September 11, 2014

David S. Cayer
United States Magistrate Judge